## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOSEPH L. STEPHENS                                                  PETITIONER
ADC #094967


VS.                              5:16CV00006 JM/JTR


WENDY KELLEY, Director,
Arkansas Department of Correction                                   RESPONDENT


### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been
sent to United States District Judge James Moody, Jr. You may file written
objections to all or part of this Recommendation. If you do so, those objections
must: (1) specifically explain the factual and/or legal basis for your objection; and
(2) be received by the Clerk of this Court within fourteen (14) days of the entry of
this Recommendation. The failure to timely file objections may result in waiver of
the right to appeal questions of fact.

Mail any objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

# I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Joseph L. Stephens ("Stephens").  *Doc. 1*.  Before addressing Stephen's habeas claims, the Court will review the procedural history of the case in state court.

On January 28, 2015, Stephens appeared, with counsel, in the Circuit Court of Pulaski County, Arkansas, and, pursuant to a negotiated plea, pleaded guilty to one count of aggravated robbery.  In exchange for his plea, the prosecutor agreed to nolle pross the four remaining counts.[1]  *State of Arkansas v. Joseph Stephens*, Pulaski County Circuit Court Case No. C-2013-4088 ("state criminal case").[2]

On February 2, 2015, Stephens was sentenced to 25 years imprisonment, with 6 years suspended.  He also received 443 days jail credit.[3]  The Sentencing Order provided that the 25 years sentence was to run "concurrent" with the sentence Stephens was already serving. *Doc. 6-2 at 3*; *Doc. 6-4 at 4*.

---

[1]  These charges included:  theft of property; possession of firearms by certain persons; theft by receiving; and battery in the third degree.  *Doc. 6-2*.

[2]  Circuit Judge Herbert Wright, Jr. presided.  Stephens was represented by public defender Jessica Duncan.  A copy of the transcript of the change of plea hearing is attached as Exhibit C to Respondent's Response.  *Doc. 6-4*.

[3]  The Sentencing Order reflects that because of his negotiated plea, Stephens received a net departure of 372 months (31 years) from the recommended guideline sentence of 600 months (50 years).  *Doc. 6-2*.  Thus, Stephens received a significant benefit, in the form of a reduced sentence, in exchange for his guilty plea.

2

On March 11, 2015, Stephens filed a Petition to Reduce his Sentence (the "sentence reduction motion").  He requested a reduction of his sentence to clarify the concurrent nature of the sentence;  to "reduce the 70%"[4] in order to allow him to qualify for programs while in prison and to be eligible for good time; and a suspension of 10 years or more to give him "a chance." *Doc. 6-3*.  As of the date of this Recommended Disposition, the trial court docket indicates that no formal ruling was made on the sentence reduction motion.[5]  As a matter of law, that motion was deemed denied because it was not resolved within thirty days of the filing date.[6]

Stephens did not attempt to appeal the denial of his sentence reduction motion.[7]  Because Stephens entered an unconditional guilty plea, he was not

---

[4]  Presumably, Stephens is referring to Ark. Code Ann. § 16-93-618, which provides that any prisoner convicted of certain offenses, including aggravated robbery, is not eligible for parole or community correction transfer until he serves 70% of his sentence.

[5]  The Court has accessed and reviewed the docket electronically in Stephens' Pulaski County Circuit criminal case.

[6]  Under Arkansas procedural rules, a post-trial criminal motion is deemed denied if it is not resolved within thirty days.  Ark. R. Crim. P. 33.3 (post-trial motion for relief "shall be deemed denied as of the 30th day").

[7]  To the extent that motion challenged the validity and legality of the sentence itself, it was appealable.  *See Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185, 186 (2005) (per curiam) (the appeal of a post-trial motion challenging the validity and legality of the sentence is one of the permitted exceptions to the general rule prohibiting an appeal from a guilty plea).

entitled to file a direct appeal.[8]  Stephens failed to file a Rule 37 petition.  *See* Ark. R. Crim. P. 37.1.

On January 11, 2016, Stephens initiated this federal habeas action.  *Doc. 2*. In his Petition,[9] he argues that: (1) his lawyer was ineffective for conspiring with the prosecutor, failing to visit or communicate with him before his plea, and participating in denying him a right to a fair and impartial trial;  (2)  he was denied due process and equal protection because his conviction was the result of a conspiracy that was rooted in discrimination based on his race, his economic status, and his record of prior felonies, all of which rendered his plea involuntary; (3)  his plea was tainted by police misconduct, including the denial of medical treatment and his *Miranda* rights;  and (4)  he was denied a speedy trial in violation of Ark. R. Crim. P. 28.3.

Respondent argues that all of Stephens' habeas claims are procedurally defaulted.  *Doc. 6*.  Stephens has filed a Reply.  *Doc. 8*.  Thus, the issues are joined and ripe for resolution.

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and the case dismissed, with prejudice.

---

[8] *See* Ark. R. App. P. – Crim 1(a) (a criminal defendant has no right to an appeal from an unconditional guilty plea).

[9] The Court construes the Petition liberally.  *See Jones v. Jerrison*, 20 F.3d 848, 853 (8th Cir. 1994).

## II. Discussion

A habeas petitioner must first "fairly present" his claims in state court before seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845-848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam).

When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). When a procedural default occurs, federal habeas review of the claim is barred unless the prisoner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a "fundamental miscarriage of justice." *Id*. at 750.

Stephens acknowledges that he failed to seek Rule 37 relief. However, he contends the Court should construe his sentence reduction motion as a Rule 37 petition. *Doc. 8 at 2*. For multiple reasons, Stephens' filing a sentence reduction

motion, seeking relief under Ark. Code Ann. § 16-90-111, cannot substitute for or excuse his failure to file a Rule 37 petition.

First, allegations of ineffective assistance of counsel and other alleged constitutional violations "are not cognizable" under Ark. Code Ann. § 16-90-111. *Williams v. State*, 2016 Ark. 16, at 3, 479 S.W.3d 544, 545-546 (affirming denial of relief under § 16-90-111 and explaining that relief under the statute is only warranted when the sentence is illegal on its face, such as outside the statutory range for the offense of conviction).

Second, under Arkansas law, Stephens was *required* to pursue his constitutional and other challenges to his guilty plea in a timely Rule 37 petition. *Friend v. Norris*, 364 Ark. 315, 317, 219 S.W.3d 123 (Ark. 2005) (challenges to guilty plea proceedings can be brought only in a timely filed Rule 37 petition for post-conviction relief).

Finally, Stephens' sentence reduction motion fails to include *any* of the claims he is now asserting in his federal habeas Petition.  *See Perry v. Kemna*, 356 F.3d 880, 886 (8th Cir. 2004) ("To avoid a procedural default, a habeas petitioner must 'present the same facts and legal theories to the state court that he later presents to the federal courts.'").   Thus, even if Arkansas law permitted his

sentence reduction motion to be construed as a Rule 37 petition, it would *not* cure the default.[10]

Stephens makes no effort to establish cause for his procedural default.  He asserts the Arkansas courts are "racist, unjust & unfair" and that they "hide under color of state and federal law."  *Doc. 2 at 5.*  In his Reply, Stephens argues that he was disenfranchised because of his race, but he fails to offer any specifics or to relate it to a specific violation of a constitutional right in connection with his state court conviction.  Such generalized, conclusory and sweeping allegations fail to establish "cause" sufficient to overcome his default.[11]  Nor can Stephens' *pro se* status and any unfamiliarity with the law or procedural matters establish the necessary "cause."  *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

---

[10]   Because Stephens failed to file a Rule 37 petition, the narrow equitable exception to procedural default recognized in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) does not apply.  *See, e.g., Anderson v. Clarke*, 2014 WL 1203032, *5 (E.D. Va. March 24, 2014) ("*Martinez* does not apply when the defendant fails to initiate any state court collateral review proceeding whatsoever"); *Anderson v. Koster*, 2012 WL 1898781, *9 (W.D. Mo. 2012) ("*Martinez* is inapposite because, here, the petitioner himself is at fault for not filing a pro se [postconviction] motion in the first place.").

[11]   Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules.  *Coleman*, 501 U.S. at 753.  If no cause has been shown, the prejudice element need not be addressed.  *McCleskey v. Zant*, 499 U.S. 467, 602 (1991).  Stephens does not allege actual innocence as is necessary to invoke the "fundamental miscarriage of justice" exception to the cause-prejudice requirement.  *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (where constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal court may grant the writ even in the absence of a showing of cause for the procedural default.").

The record is undisputed that Stephens has never presented *any* of the alleged federal constitutional claims asserted in his § 2241 Petition to the state court for resolution.  Thus, his federal habeas claims are procedurally barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED and this habeas case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 28th day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE